# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR ANDREW ANDRADE,<br><br>  Petitioner,<br><br> v.<br><br>DEBBIE ASUNCION, et al.<br><br>  Respondents. | Case No. 2:18-cv-00553-SSS-MAR<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition for a Writ of Habeas Corpus, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"). The Court has engaged in *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

The Report recommends that the First Amended Petition be denied and that this action be dismissed with prejudice. [Dkt. 100]. Petitioner's Objections to the Report, [Dkt. 116], do not warrant a change to the Magistrate Judge's findings or recommendation for the following reasons.

1    Petitioner objects that the Report erroneously summarizes the record
2 based on an inapplicable legal standard. [Dkt. 116 at 1]. More specifically,
3 Petitioner appears to object that the California Court of Appeal's factual
4 summary is not entitled to a presumption of correctness. [*Id.* at 7-8]. But in the
5 Ninth Circuit, that summary "is afforded a presumption of correctness that may
6 be rebutted only be clear and convincing evidence." *Moses v. Payne*, 555 F.3d
7 742, 746 n.1 (9th Cir. 2009) (citing 28 U.S.C. § 2254(e)(1)). Petitioner offers
8 no evidence, much less clear and convincing evidence, as rebuttal. *See Murray*
9 *v. Schriro*, 745 F.3d 984, 999 (9th Cir. 2014) (describing a challenge to a state
10 court's factual determination under § 2254(e)(1) as an "extrinsic" challenge that
11 calls for evidence presented for the first time in federal court).
12   Petitioner objects that the Report fails to adjudicate his meritorious claim
13 that the trial court improperly removed a disputed fact from the jury.
14 [Dkt. 116]. The disputed fact involved whether Petitioner's December 2012
15 driving incident, in which he tailgated the victim, amounted to an act of
16 domestic violence. [Dkt. 100 at 43; Dkt. 116 at 9]. Petitioner objects that the
17 trial court impermissibly created a mandatory presumption by instructing the
18 jury that the incident, if it occurred, amounted to an act of domestic violence.
19 [Dkt. 116 at 10-11]. To the contrary, as the California Court of Appeal
20 concluded, "the jury was not instructed that the driving incident constituted
21 domestic violence. A statement that the People have presented evidence of a
22 crime does not direct the jury to find that the crime existed. . . . [T]he trial court
23 did in fact leave it to the jury to determine whether the driving incident was true
24 and whether it constituted domestic violence." [Dkt. 100 at 46]. The California
25 Court of Appeal's conclusion was not objectively unreasonable. *See Evans v.*
26 *Lewis,* 855 F.2d 631, 635 (9th Cir. 1988) (holding that a jury instruction did not
27 create a mandatory presumption where it told the jury it "may" infer intent from
28

the defendant's voluntary commission of an act, without mandating the inference).

Petitioner objects that the Report applied inapplicable and erroneous legal standards to justify inferring a reckless driver is prone to premeditated murder. [Dkt. 116 at 11-16]. As an initial mater, Petitioner objects that this claim was not adjudicated on the merits by the state courts. [*Id*. at 12]. To the contrary, the California Court of Appeal rejected, on the merits, Petitioner's claim that there was a lack of a rational connection between a "relatively innocuous driving incident" and premeditated murder. [Dkt. 100 at 50-51]. The California Court of Appeal rejected Petitioner's benign characterization of the driving incident, finding that it involved "not merely reckless driving," but rather "intentionally dr[iving] in an aggressive and intimidating manner for 15 minutes, coming close to the car occupied by [the victim] and her friends, and alternating between tailgating and blocking the car." [*Id*. at 51]. As the Report found, the California Court of Appeal's conclusion was not objectively unreasonable. [*Id*. at 55-56].

Petitioner similarly objects that a jury instruction allowing a permissive inference from the reckless driving incident was unconstitutional because it cannot be said that murder is more likely to flow from a single incident of reckless driving. [Dkt. 116 at 13-16]. This objection, however, relies on characterizing the incident as a "single prior episode of reckless driving." [*Id*. at 16]. According to the California Court of Appeal, in contrast, the incident qualified as placing "another person in reasonable apprehension of imminent serious bodily injury to himself or herself, or another," even if it was only "a single incident where no injury was attempted." [Dkt. 100 at 49]. As the Report found, it was not objectively unreasonable for the California Court of Appeal to conclude that, under these circumstances, the permissive-inference instruction did not violate Petitioner's federal rights. [Dkt.100 at 56].

1    Petitioner objects that the trial court's instructions omitted accurate
2 statements of law critical to the prosecution's case and Petitioner's defense.
3 [Dkt. 116 at 16-20]. Specifically, Petitioner objects to the omission of a
4 proffered pinpoint instruction about verbal provocation being sufficient to
5 generate heat of passion for the crime of voluntary manslaughter. [*Id*. at 16-17].
6 As the Report found, however, the California Court of Appeal concluded that
7 the proffered instruction was, as a matter of state law, duplicative of the
8 provocation instruction that was given to the jury. [Dkt. 100 at 58]. That
9 conclusion is binding on federal courts. [*Id*. at 61]. And as the Report further
10 found, no clearly established law holds that the failure to give a proffered
11 pinpoint instruction violates a defendant's due process right to present a
12 complete defense. [*Id*. at 62].
13    Petitioner similarly objects that the omission of the proffered pinpoint
14 instruction on verbal provocation violated Petitioner's right to present a defense
15 and, moreover, went to the prosecutor's burden to disprove heat of passion
16 beyond a reasonable doubt. [Dkt. 116 at 18]. As to Petitioner's right to present
17 a defense, the right did not entitle Petitioner to a pinpoint instruction. *See*
18 *Larsen v. Paramo*, 700 F. App'x 594, 596 (9th Cir. 2017) (no constitutional
19 right to a pinpoint jury instruction on a defense theory). As to the prosecutor's
20 burden to disprove heat of passion beyond a reasonable doubt, Petitioner has not
21 shown how the omission of the pinpoint instruction violated his federal rights in
22 that regard. Petitioner was entitled to a jury instruction that stated "the
23 government bears the burden of proving beyond a reasonable doubt the absence
24 of heat of passion or sudden quarrel where that defense is raised." *United States*
25 *v. Lesina*, 833 F.2d 156, 160 (9th Cir. 1987). The jury was given this
26 instruction. [Dkt. 30-7 at 39].
27    Petitioner objects that the imbalance of factual information, known to the
28 prosecutor and concealed from the defense, deprived Petitioner of a fair trial.

[Dkt. 116 at 20-29]. This objection is based on Petitioner's claim that the prosecutor suppressed medical records showing that the victim had had a miscarriage, which would have shown the victim had provoked Petitioner by lying about having an abortion. [Dkt. 100 at 27]. As stated in the Report, Petitioner failed to establish a violation of *Brady v. Maryland,* 373 U.S. 83 (1963), because the defense was aware of the existence of the victim's medical records. *See Cunningham v. Wong*, 704 F.3d 1143, 1154 (9th Cir. 2013) (rejecting *Brady* claim based on the alleged suppression of the victim's medical records because the defense would have known the records existed) (citing *Raley v. Ylst*, 470 F.3d 792, 802-03 (9th Cir. 2006) (rejecting *Brady* claim based on the alleged suppression of medical records where the defense knew the "salient facts regarding the existence of the records")). Moreover, Petitioner's objections do not persuasively undermine the Report's analysis of Petitioner's failure to establish prejudice. [Dkt. 100 at 34-39]. In particular, as the Report states, evidence that the victim "intentionally lied to Petitioner about aborting their baby did not have the significance that Petitioner now attributes to it" because he "did not know that she lied about her pregnancy at the time he shot her." [*Id*. at 37].

//
//
//

Petitioner objects that the prosecutor committed misconduct by falsely implying that Petitioner had coerced the victim into having an abortion. [Dkt. 116 at 23]. As stated in the Report, however, the prosecutor was entitled to impeach Petitioner's direct testimony that he was supportive of the victim's pregnancy. [Dkt. 100 at 40]. **IT IS THEREFORE ORDERED** that Judgment be entered (1) denying the First Amended Petition for a Writ of Habeas Corpus; and (2) dismissing this action with prejudice.

**IT IS SO ORDERED.**

DATED: August 28, 2023

_____
SUNSHINE S. SYKES
United States District Judge